981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chris ROWENHORST, Plaintiff-Appellant,
v.
Viola MITCHELL; Tracy L. Brown, Defendants-Appellees.
 No. 92-55199.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 28, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chris Rowenhorst appeals the district court's dismissal of his action against Internal Revenue Service Officers Viola Mitchell and Tracy L. Brown. Rowenhorst alleged that the defendants violated his fourth, fifth, and fourteenth amendment rights by falsely reporting that he assaulted them following his refusal to make payment for delinquent federal income taxes. The district court dismissed the action on the grounds that Rowenhorst failed to allege either a violation of a clearly established constitutional right, or a claim sufficient to overcome the defendants' qualified immunity defense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On January 23, 1991, defendants Mitchell and Brown met Rowenhorst at his place of business to collect an outstanding federal income tax liability owed by Rowenhorst. Rowenhorst informed the officers that he could not pay the liability and refused to permit the officers entry onto his property to seize his assets to satisfy the liability. The officers then informed Rowenhorst that the IRS would seek a court order to enter his property and seize his assets. From this point the parties' versions of the facts differ.
 
 
 5
 The defendants claim that Rowenhorst lifted his shirt and displayed a handgun in the waistband of his pants. Rowenhorst allegedly placed his hand on the gun and stated: "what do you want me to do, kill?" Rowenhorst allegedly also threatened to commit suicide. The officers perceived Rowenhorst's statements as a personal threat and left his place of business. The officers reported the incident to IRS Inspector Peter Darvas who in turn reported the incident to the United States Attorney's Office. Inspector Darvas and other IRS inspectors went to Rowenhorst's place of business and arrested him without a warrant. Rowenhorst was charged in a criminal complaint with assault upon an officer and interference with an officer in the performance of her official duties. This complaint was subsequently dismissed by the United States Attorney.
 
 
 6
 Rowenhorst claims that upon the officers' demand for payment of his tax liability, he informed them that he was unable to pay and requested arrangement of a payment plan. The officers then allegedly left Rowenhorst's place of business without further incident. Rowenhorst claims that at no time did he threaten or assault either officer, or threaten to commit suicide.
 
 
 7
 On July 15, 1991, Rowenhorst filed the present action alleging that defendants' false statements to Inspector Darvas caused him to be wrongfully arrested and detained. Upon the government's motion, the district court dismissed the complaint without prejudice for failure to state a claim of violation of a clearly established right and for failure to meet proper pleading standards. Rowenhorst filed an amended complaint which the district court subsequently dismissed with prejudice on the same grounds as dismissal of the original complaint. Rowenhorst timely appeals.
 
 II
 Merits
 
 8
 We review de novo the district court's dismissal of an action for failure to state a claim. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989).
 
 
 9
 Government officials sued under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) are entitled to qualified immunity "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Thus, the unlawfulness of the action must be apparent under preexisting law. Roth v. Veteran's Admin., 856 F.2d 1401, 1404 (9th Cir.1988). "Unless the plaintiffs allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).
 
 
 10
 Here, Rowenhorst complains that defendants made false statements to Inspector Darvas concerning the events that took place in Rowenhorst's place of business. Rowenhorst claims that these allegedly false statements demonstrate a subjective unlawful intent to mislead law enforcement authorities. Rowenhorst also claims that he has an in-store security video tape which demonstrates the alleged falsity of the defendants' statements. Rowenhorst argues that as a result of defendants' conduct law enforcement officials unlawfully detained and imprisoned him for two days "without warrant, probable cause, or any lawful cause."
 
 
 11
 It is undisputed, however, that defendants are neither law enforcement officers nor were they involved in the decision to arrest or file criminal charges against Rowenhorst. Thus, defendants cannot be held liable for causing Rowenhorst's arrest, detention, or attempted prosecution. See Fry v. Melaragno, 939 F.2d 832, 839 (9th Cir.1991) (IRS revenue agent alleged to have (1) conspired with others to have false criminal charges filed against plaintiff, (2) intentionally lied to probation officer who prepared presentence report, and (3) helped in investigation of plaintiff, not liable for constitutional violations allegedly flowing from these activities).
 
 
 12
 Although Rowenhorst also alleges that defendants' conduct violated the "laws, guidelines, procedures, and rules" of the IRS, Rowenhorst fails to specify which particular provision defendants violated. Moreover, at the hearing on defendants' motion to dismiss Rowenhorst's first amended complaint, Rowenhorst's counsel stated:
 
 
 13
 [W]e might be able to demonstrate a specific statute which was violated in making false representations to a federal official in support of a warrantless arrest.
 
 
 14
 ....
 
 
 15
 I can't specifically give you the statute now, but it seems to me that conduct of this nature in falsely stating to a federal enforcement official that there are grounds for an arrest of an individual should be criminalized or should violate some regulation either of the IRS or some general criminal statute.
 
 
 16
 ....
 
 
 17
 [T]here must be something in the conduct of these two defendants that violated some sort of right, either constitutional or statutory.
 
 
 18
 Thus, although Rowenhorst had ample opportunity to plead a clearly established right violated by defendants conduct, he failed to do so. See id. Accordingly the district court did not err by dismissing Rowenhorst's action for failure to state a claim.[1] See id.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also dismissed the action on the alternative grounds that Rowenhorst's allegations "do not constitute either direct or circumstantial evidence of defendants' unlawful intent in making the statements to IRS inspector Darvas which led to plaintiff's arrest," and thus the allegations do not satisfy the heightened pleading standards of Branch v. Tunnell, 937 F.2d 1382, 1387-88 (9th Cir.1991). Because we find that Rowenhorst failed to allege the violation of a clearly established right sufficient to overcome defendants' qualified immunity we need not address whether Rowenhorst's pleadings satisfied the standards established in Branch